# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
September 12, 2018 13:09

By: NICOLE T. FIORELLI 0079204

Confirmation Nbr. 1492166

| | |
|---|---|
| ZEEV FRIEDMAN, ESQ. D/B/A FRIEDMAN LAW FIRM | CV 18 903618 |
| vs. | Judge: STUART A. FRIEDMAN |
| BROTHER INTERNATIONAL CORPORATION | |

Pages Filed: 10

Electronically Filed 09/12/2018 13:09 / / CV 18 903618 / Confirmation Nbr. 1492166 / CLDLJ

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **ZEEV FRIEDMAN, ESQ. D/B/A THE FRIEDMAN LAW FIRM**, individually and on behalf of all others similarly situated,<br>3401 Enterprise Parkway, Suite 330<br>Cleveland, OH 44122<br><br>Plaintiff,<br><br>vs.<br><br>**BROTHER INTERNATIONAL CORPORATION**<br>**C/O CORPORATION SERVICE COMPANY**<br>50 West Broad Street<br>Suite 1330<br>Columbus, OH 43215<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND OTHER RELIEF**<br><br>**JURY DEMAND ENDORSED HEREON** |

## Introduction

1. Plaintiff brings this complaint against Defendant Brother International Corporation ("Brother") on behalf of himself and a class of all other similarly situated Ohio purchasers of Brother laser toner cartridges.

2. A significant portion of Brother's profits from the sale of laser printers are generated, not by the sale of the actual printers, but by the sale of the laser toner cartridges holding the physical print medium materials for the printers.

3. To maximize Brother's profits on the sale of laser toner cartridges, Brother printers deny users access to a significant amount of toner in each laser toner cartridge it sells.

4. Brother laser printers will refuse to print once a laser toner cartridge has been used a certain number of times, although that cartridge in fact contains enough toner to print hundreds or thousands of additional pages of text.

5. Brother printers do not permit a consumer to override the printer programming that requires the replacement of a toner cartridge with a substantial amount of toner remaining.

6. One federal district judge explained: "This is likely because consumers expect to use all of the [toner] in the cartridge and will not respond to a simple warning to 'change [toner] cartridges now.' Instead, consumers will print until they can tell by degraded print quality that [toner] is running out. *This is because they expect full use of their [toner] cartridge.*" (Emphasis added.) *Baggett v. Hewlett-Packard Co.*, 582 F. Supp.2d 1261, 1267 (C.D. Cal. 2007).

7. Brother has committed a trespass to chattels by denying Plaintiff access to all the useable toner in his toner cartridges.

8. Brother has also committed conversion by exercising wrongful control over the Plaintiff's toner cartridge.

9. Through this conduct, Brother has deprived Plaintiff and the class of a significant portion of the value of their purchased cartridges.

## Parties

10. Plaintiff Zeev Friedman dba The Friedman Law Firm is a resident of Cuyahoga County.

11. Brother International Corporation is a Delaware corporation headquartered in Bridgewater, New Jersey. Brother is the exclusive authorized distributor of Brother-brand laser printers and laser toner cartridges within the United States.

12. Brother sells its cartridges through third-party retailers like Staples, Office Max, and others.

### Jurisdiction and Venue

13. Brother distributes its printers and toner cartridges across Ohio.

14. The events giving rise to the Plaintiff's claim occurred in Cuyahoga County.

### Facts

15. Plaintiff owns a Brother HL-5370DW laser printer.

16. Brother recommends the TN620 laser toner cartridge for use with the Plaintiff's printer.

17. In or about 2014, Plaintiff purchased TN620 laser toner cartridges for his Brother printer for $127.48.

Shipment 1                                              Expected delivery: April 25, 2014

| Item No. | Name | Price | Qty. | Coupons & Rewards | Subtotal |
|---|---|---|---|---|---|
| | Brother TN620 Black Toner Cartridge | $63.74 | 2 | | $127.48 |

Item: 782504

Payment Information

Billing Address:
KRISTIN COOL
3401 ENTERPRISE PKWY
STE 330
BEACHWOOD, OH 44122-7340

Merchandise Total: $127.48
Shipping: Free
Tax: $10.20
Total: $137.68

Payment Methods
AMEX Credit Card ending in 8431    -$137.68

18. Upon purchasing the toner cartridges, Plaintiff owned 100% of the cartridges and their contents.

19. The Plaintiff did *not* purchase a license from Brother to print a specific number of pages.

20. In October 2017, Plaintiff's Brother HL-5370DW laser printer and Brother TN620 laser printer cartridge stopped printing.

21. Plaintiff's Brother TN620 laser printer cartridge still had toner remaining, but Plaintiff could not access it due to Defendant's design.

22. Also in October 2017, Plaintiff replaced the toner cartridge with a replacement TN650, which cost $109.99.

ORDER NUMBER: 9761274575
ORDER DATE: 10/05/2017

ITEMS FOR DELIVERY

Expected Delivery: Friday, October 06, 2017
Ship To: 3401 Enterprise Pkwy, Suite 330, Beachwood, OH 44122



| | Quantity: | Price: | Discounts: | You Paid: |
|---|---|---|---|---|
| Brother TN650 Toner Cartridge Black High Yield Item #782192 | 1 | $109.99 | $0.00 | $109.99 |

23. Brother's laser printers are all programmed to deprive users of access to a significant portion of the toner in their cartridges.

24. But for Brother's design, which denied Plaintiff access to the toner in his toner cartridges, Plaintiff could have printed more pages before replacing his toner cartridges and ultimately spent less on replacement cartridges.

25. Defendant designs its laser printers to deny purchasers the ability to use the full capacity of their toner cartridges.

**Class Action Allegations**

26. The Plaintiff brings this action on behalf of all Ohio residents, whether persons or business entities, who, at any time during the relevant limitations period, purchased a Brother laser toner cartridge.

27. This action is brought, and may properly be maintained, as a class action under Civil Rule 23.

28. The proposed class satisfies Rule 23's numerosity, typicality, adequacy, predominance, and superiority requirements.

29. The proposed class numbers over 500 persons. The class is so numerous that joinder of all members is impracticable. And, it is impracticable to bring all such persons before this Court.

30. The injuries and damages to the class members present common questions of law and fact, including:

   a) Whether Brother printers prevented the class members from using the full capacity of their purchased cartridges;

   b) Whether Brother exerted wrongful control over class members' toner cartridges by depriving the class members of use of a significant portion of their toner cartridges' capacity and forcing consumers to prematurely replace said cartridges;

c) Whether Brother committed a trespass to chattels by designing and distributing laser printers that precluded the class members from using the full capacity of their toner cartridges.

31. The Defendant has engaged in the same conduct with respect to all the class members.

32. The Plaintiff's claims, defenses, and injuries are typical of the claims, defenses, and injuries of all the class members.

33. The Plaintiff will fully and adequately protect and represent the interests of the class members.

34. The identity of the class members cannot be determined at this time, but will be determined at a later time upon discovery and notice.

35. The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications for each individual class member that would establish incompatible standards of conduct for the Defendant.

36. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class, which, as a practical matter, would be dispositive of the interests of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests.

37. The maintenance of this suit as a class action is the superior means of disposing of the common questions that predominate herein.

### First Cause of Action
### Trespass to Chattels

38. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

39. Although Plaintiff purchased 100% of the capacity of his <u>TN620</u> toner cartridges, Plaintiff was only able to use a fraction of that capacity because of how Brother programs its laser printers.

40. Plaintiff's laser printer and the laser printers of other class members were programmed to refuse to print additional pages, although the laser toner cartridge still contained useable toner.

41. Due to how the printer was programmed, Plaintiff and other class members had no choice but to replace the toner cartridge, although it still had the capacity to print additional pages.

42. Brother knew that the laser printer would preclude Plaintiff from using the full capacity of Plaintiff's <u>TN620</u> laser toner cartridge, yet intentionally designed its laser printers and toner cartridges to deny Plaintiff and other class members access to the full printing capacity of the useable toner in their laser printer toner cartridges.

43. In October of 2017, when Plaintiff's laser printer required Plaintiff to change his toner cartridge, even though the toner cartridge had the capacity to print additional pages, Brother intentionally dispossessed Plaintiff of both the remaining toner in the cartridge and the remaining printing capacity of the toner cartridge.

44. By designing its laser printers and toner cartridges to deny Plaintiff and class members access to the full printing capacity of the cartridge, Defendant intentionally used or intermeddled with Plaintiff and other customers' chattel.

45. Brother permanently deprived Plaintiff and other class members of access to useable toner in their toner cartridges and the full printing capacity of their toner cartridges.

46. Brother also intentionally impaired the condition, quality, and/or value of Plaintiff's and other class members' chattel.

47. As a result, Plaintiff and the class members seek to recover damages in the amount of the value of that portion of the toner cartridge they were unable to use due to Brother's trespass.

48. For purposes of punitive damages, Brother's action was willful and had a substantial risk of causing harm to Plaintiff and the class. Brother consciously disregarded the rights of Plaintiff and the class members, and its actions had a great probability, and actually did, cause substantial harm.

### Second Cause of Action
### Conversion

49. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

50. Brother, through its design of its laser printers, exercised wrongful control over the toner in the toner cartridges of Plaintiff and the class members.

51. Brother exercised that wrongful control by programming its laser printers to refuse to print after a toner cartridge had been used a specific number of times or printed a specific number of pages.

52. Plaintiff and other class members could not override this programming, despite their toner cartridges having the capacity to print additional pages.

53. Instead, Plaintiff and the class members had to remove cartridges with remaining printing capacity, not because they chose to, but because Brother designed its equipment to require them to do so.

54. By requiring Plaintiff and class members to remove toner cartridges with additional printing capacity, Brother exercised control over those cartridges, which Plaintiff and the class members had purchased, and over which Plaintiff and class members had 100% ownership through their purchase.

55. By designing its printers and toner cartridges to deny Plaintiff and class members access to the full printing capacity of their toner cartridges, Brother exercised dominion and/or wrongful control over the toner cartridges inconsistent with, or in denial of the rights of, Plaintiff and class members.

56. Plaintiff and class members have damages due to Brother's conduct of denying them access to the full printing capacity of their toner cartridges, and which required Plaintiff and class members to purchase additional toner cartridges.

57. Brother's conduct deprived Plaintiff and class members of a significant portion of the value of their toner cartridges.

58. As a result, Plaintiff and the class members seek to recover damages in the amount of the value of that portion of the toner cartridge they were unable to use due to Brother's conversion.

59. For purposes of punitive damages, Brother's action was willful and had a substantial risk of causing harm to Plaintiff and the class. Brother consciously disregarded the rights of Plaintiff and the class members, and its actions had a great probability, and actually did, cause substantial harm.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs demand judgment as follows:

1. For an Order (a) determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23, and (b) certifying the class;

2. For compensatory damages;

3. For punitive damages;

4. For reasonable costs and attorney fees under common law;

5. For such other or further relief as the Court deems the Plaintiff and the class members entitled.

PLAINTIFF DEMANDS A TRIAL OF THIS MATTER BY JURY.

Respectfully submitted,

*/s/ Nicole T. Fiorelli*
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
         *nfiorelli@dworkenlaw.com*
         *fbartela@dworkenlaw.com*